H. H. HARRIS *et al.*

*v.*

THE CITY OF MACOMB.

*Opinion filed December 22, 1904.*

SPECIAL ASSESSMENTS—*when a railroad company cannot be assessed for pavement.* A street railway ordinance which requires the company to pave at its own cost the space between its rails when any street in which its tracks are laid is paved by the city, does not authorize a special assessment against the company for a pavement on a street wherein it has the right to lay its tracks but in which no track has been laid.

APPEAL from the County Court of McDonough county; the Hon. W. J. FRANKLIN, Judge, presiding.

ELTING & O'HARRA, and H. H. HARRIS, for appellants.

CONRAD G. GUMBART, City Attorney, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition for the confirmation of a special assessment levied for the purpose of defraying the expense of grading, curbing and paving West Jackson street, in the appellee city, in pursuance of an ordinance of the city council. The appellants objected that the ordinance, estimate of the cost of the proposed improvement and the assessment roll were void, for the alleged reason that the ordinance provided for, and the estimate and assessment roll included, the cost of grading and paving one block of said West Jackson street which the Macomb and Western Illinois Railway Company was, under the terms and conditions of the license granted it by the city of Macomb, required to grade and pave at its cost. The objection was overruled and judgment confirming the assessment entered, from which this appeal has been perfected.

The ordinance authorizing the improvement to be made was adopted June 6, 1904. On May 6, 1903, the city adopted an ordinance authorizing the Macomb and Western Illinois Railway Company to construct, and to maintain and operate for the period of twenty years, its railroad in and along certain of the streets of the city, including therein one block in and along West Jackson street. The railroad company had constructed its track in and along Johnson street to the intersection of that street and said Jackson street, and to the center of the intersection, before the ordinance authorizing the improvement of the street was adopted. It seems, however, that the track across, or partly across, Jackson street was but a temporary track, laid for the purpose of conveying material used in the construction of the road, and that aside from this temporary track the company had not occupied Jackson street. The contention of the appellants was and is, that, nevertheless, the railroad company had, and for the remainder of the term of the license will have, authority, under the ordinance of May 6, 1903, to construct and operate its road in and along and upon the said block in Jackson

street, and may at any time avail of that privilege and license and construct its tracks along Jackson street, in which event, appellants insist, the burden of paving that part of the street that will be between the rails of the tracks of the railroad company will have been borne by the appellants and other owners of property assessed to pay the expense of the improvement, and that the railroad company will be relieved from the performance of one of the conditions of the ordinance authorizing it to occupy and use the street.

The obligations of the railroad company are to be found in sections 9, 10 and 11 of the ordinance conferring the license on the company to build and operate its railroad in and along the streets of the city. These sections are as follows:

"Sec. 9. In case said city of Macomb shall, at any time hereafter, pave the surface of any street, or any portion thereof, along which said railroad or street railroad may run, said company shall pave the space between the rails of its tracks and keep the same in repair so that it shall correspond with such paving. All of such paving shall be done under the supervision of the city engineer.

"Sec. 10. The space between the rails of said street railroad on all streets, whether improved or not, shall be kept by said company, its successors and assigns, in good repair, and at street intersections not paved, said company, its successors and assigns, shall make, with hard brick or plank, a good crossing over said track or tracks and keep the same in repair.

"Sec. 11. On all paved streets, when the paving is taken up by said company for the purpose of laying or repairing tracks, switches or turn-outs, the said pavement shall be replaced by said company at their cost, in good condition; and when said pavement is damaged, either inside or outside of said track, by reason of the repairing, laying or re-laying of said tracks, switches or turn-outs, or by reason of the running of cars over said streets where paving is laid, said company shall repair said pavement at their cost."

Section 9 relates to the duties imposed on the railroad company in the event the city shall determine to pave a street in and along which the railroad company has previously constructed its railroad, and has no application to the present investigation. The words "may run," in this section, very plainly mean streets whereon the track of the railroad company shall have been constructed,—not streets whereon the company has the right or license to operate its road but of which right or license it has not availed itself. Section 10 is likewise without application. Its provisions relate only to the duty of the railroad company with reference to the care of the space between the rails of its tracks in all streets in and along which it should thereafter lay the tracks of its road. Section 11 controls the course and duty of the railroad company when it shall construct its tracks in and along a street that has been paved. If the railroad company shall hereafter determine to lay its tracks in and along that portion of West Jackson street after it has been paved, under the judgment of confirmation here appealed from section 11 will then apply, and direct the duty of the railroad company in the matter of repairing and restoring the paving. The provisions of section 10, as to the duty of the company to keep the space between its tracks in good repair, will also become applicable if the tracks of the company are laid on West Jackson street.

The trial court correctly held that the provisions of the ordinance did not authorize the assessment of any portion of the cost of improving West Jackson street against the property of the railroad company.

The judgment is affirmed.	*Judgment affirmed.*